UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LISA A. JACOBS,
     Plaintiff,

     v.                      CIVIL ACTION NO. 14-12536-LTS

DAVID SOARS, DEBORAH DAVENPORT,
TOWN OF WESTON, DONNA VANDERCLOCK,
ED COBURN, DOUG GILLESPIE,
MIKE HARRINGTON, ERIC JOSEPHSON,
GARY KOGER, PAUL ZORFASS,
PHYLLIS KOMINZ, ALLAN ORTH,
TAMILYN LEVIN, WILLIAM O'NEIL,
STEVE SHAW, JOHN LYONS,
DAN MCGUIRE, WILLIAM CARLO,
MIKE FORTI, EFTHIMIOS BOUSIOS,
KOPELMAN AND PAIGE P.C.,
LOUISON, COSTELLO, CONDON & PFAFF LLP,
JOHN DOE ET AL.,
     Defendants.

REPORT AND RECOMMENDATION ON DEFENDANTS DAVID SOARS,
DEBORAH DAVENPORT, TOWN OF WESTON, DONNA VANDERCLOCK,
ED COBURN, DOUG GILLESPIE, MIKE HARRINGTON, ERIC JOSEPHSON,
GARY KOGER, PAUL ZORFASS, PHYLLIS KOMINZ, ALLAN ORTH,
TAMILYN LEVIN, WILLIAM O'NEIL. STEVE SHAW, JOHN LYONS, DAN
MCGUIRE, WILLIAM CARLO, MIKE FORTI, EFTHIMIOS BOUSIOS AND
LOUISON, COSTELLO, CONDON & PFAFF, LLP's MOTION TO DISMISS
<u>PURSUANT TO M.R.C.P. (sic) RULE 12(b)(6) (#44)</u>

KELLEY, U.S.M.J.

I. Introduction

On May 21, 2014, plaintiff Lisa A. Jacobs filed a complaint against twenty-two

named defendants in the Middlesex Superior Court; the action was subsequently

removed to the federal court on June 16, 2014. In lieu of answering the complaint, twenty-one of the defendants filed a motion to dismiss for failure to state a claim (#44). Jacobs has filed an opposition (#50) to the dispositive motion.

## II. The Facts

The following facts are alleged in the complaint. Jacobs is a resident of Weston, Massachusetts. (#1-3 ¶ 1) Donna Vanderclock is the Town Manager of Weston, while Ed Coburn, Doug Gillespie and Mike Harrington are selectmen in the town. (#1-3 ¶¶ 3-6) Gary Kroger is the chair of the Board of Assessors; Paul Zorfass, Phyllis Kominz, Allan Orth and Tamilyn Levin are members of the Board. (#1-3 ¶¶ 8-12) William O'Neil is the Supervisor of Weston Public Works. (#1-3 ¶ 13) Steve Shaw is the Chief of the Weston Police. (#1-3 ¶ 14) John Lyons and Dan Maguire are Lieutenants, Bill Carlo is a Detective, Mike Foti is a Sergeant, and Efthimios Bousios is an officer on the Weston police force. (#1-3 ¶¶ 15-19) David Soars is the Weston Fire Chief. (#1-3 ¶ 20) Deborah Davenport is the town clerk in Weston. (#1-3 ¶ 21) Kopelman and Paige P.C. and Louison, Costello, Condon & Pfaff LLP serve as town counsel for Weston. (#1-3 ¶¶ 22-23)

Jacobs alleges that she "is handicapped with 2 cancers, degenerative disc disease, a sensitivity/allergy to dogs, Jewish female who was born in 1966 who was discriminated against as a member of those protected classes as well as discrimination

on the basis of the perception of being mentally ill and she has a caretaker alliance with her disabled mother." (#1-3 ¶ 26)  According to Jacobs, on or about March 19, 2013, the Town of Weston and the named members of the Weston police department wrote up an automobile accident report[1] untruthfully against her because she was a member of those protected classes. (#1-3 ¶ 27)  Among the allegations plaintiff makes about this accident is the complaint that no charges were brought against the other driver who purportedly was at fault while the police applied to prosecute her. (#1-3 ¶ 29)  Jacobs contends that a non-disabled male she knew was treated differently by the Weston police when he was in an automobile accident. (#1-3 ¶¶ 32-33)

The plaintiff alleges that over a period of years two employees at the transfer station competed for her "sexual interest, asked her out on dates, and made advances

---

[1]

The subject Motor Vehicle Crash Police Report has been filed by the defendants as an exhibit to their memorandum of law. (#45, Exh. 1)  The First Circuit has repeatedly cautioned that "'[o]rdinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein . . . .'" *Graf v. Hospitality Mut. Ins. Co.,* 754 F.3d 74, 76 (1st Cir. 2014) (quoting *Alt. Energy, Inc. V. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001)).  However, the First Circuit has also "noted that when a complaint's factual allegations are expressly linked to — and admittedly dependent upon — a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." *Trans-Spec Truck Service, Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008) (internal citations, quotation marks and alterations omitted), *cert. denied*, 555 U.S. 995 (2008); *Yacubian v. U.S.*, 750 F.3d 100, 102 (1st Cir. 2014); *United Auto., Aerospace, Agr. Implement Workers of America Intern. Union v. Fortuno*, 633 F.3d 37, 39 (1st Cir. 2011).  The accident report falls within the parameters of this exception and it may also be considered as official public document. *See, e.g., Watterson v. Page*, 987 F.2d 1, 3 (1st Cir.1993) ("[C]ourts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to the plaintiffs' claim; or for documents sufficiently referred to in the complaint.").  In short, the Motor Vehicle Crash Police Report may properly be considered.

repeatedly." (#1-3 ¶¶ 36-42)

According to Jacobs, on or about October 24, 2013, she received a letter from O'Neil who is alleged to have "insulted" the plaintiff's shrubs at her family cemetery plot and notified her that the shrubs were going to be "ripped out." (1-3 ¶ 43) The plaintiff claims that this action evidences that she was treated differently from other similarly situated people and also constitutes retaliation for her prior discrimination complaints. (#1-3 ¶ 43)

Jacobs claims that on November 19, 2013 "a big not service dog sexually assaulted and battered [her] inside the federal Weston post office." (#1-3 ¶ 46) Members of the Weston police force purportedly refused to accept the police report the plaintiff attempted to file and refused to investigate the dog attack.[2] (#1-3 ¶¶ 46-47)

Next, the plaintiff alleges that on November 18, 2013, she requested certified documents from defendant Josephson and other members of the Board of Assessors and that they refused to give her any documents. (#1-3 ¶ 52) As a result of this refusal, Jacobs filed a public accommodation discrimination complaint. (#1-3 ¶ 52) That same day the plaintiff also requested certified documents from the Weston Town

---

[2]

The attack consisted of the dog "sniffing [Jacobs'] bottom, inserting their (sic) nose up into her anus, and lifting her upwards." (#1-3 ¶ 46)

Clerk's office, Weston Town Manager's Office, Kopelman and Paige P.C. and Louison, Costello, Condon & Pfaff LLP; all of these requests were refused. (#1-3 ¶ 53)

According to Jacobs, on December 4, 2013 "Davenport promised to issue an affidavit determination that Tamilyn Levin did the crime [of illegal voter registration in violation of Mass. Gen. L. c. 56 § 8] on or by 12/10/2013 and then refused to issue the affidavit." (#1-3 ¶¶ 58, 60)  That same day Vanderclock and the Town of Weston are alleged to have stopped the plaintiff's real estate firm from doing business by denying her access to information only available at town offices. (#1-3 ¶ 61)

Jacobs claims that defendant Carlo discriminated and retaliated against her on December 17, 2013 by bringing "a section 12e motion[3] maliciously whereby Jacobs was found not to be a danger to anyone and not to suffer from any major mental illness." (#1-3 ¶ 65)

The plaintiff alleges that

> Tamilyn Levin's witness intimidation of Jacobs wherein Levin is identified as looking like she wants to kill Jacobs which was seen by Robert Picariello who signed an affidavit to that effect and Anthony Lewen who is a court security officer occurred on Dec. 3, 2013 and was in sufficient proximity to the protected action to constitute retaliation.

---

[3] Presumably the plaintiff is referencing a motion under Mass. Gen. L. c. 123 § 12(e).

#1-3 ¶ 75.

Finally, Jacobs claims that the Town of Weston refused to provided fire department services on April 28, 2014. (#1-3 ¶ 76) Further, defendant Soars' refusal to provided fire department services on April 29, 2014 is alleged to constitute retaliation for Jacobs' complaints that he was discriminating against her. (#1-3 ¶ 78)

## III. The Complaint

The first two counts of the complaint are brought under federal law.  Count I is a claim for unlawful discrimination in violation of 42 U.S.C. § 1981.  A violation of 42 U.S.C. § 12182, the prohibition of discrimination by public accommodations under the Americans with Disabilities Act (ADA), is alleged in Count II.  The remainder of the complaint consists of state law claims.  A claim for unlawful public accommodation discrimination and retaliation in violation of Mass. Gen. L. c. 272 §§ 92A, 98 and 98A is alleged in Count III. Count IV is a claim for intentional infliction of emotional distress, while Count V is a claim for negligent infliction of emotional distress.  A claim for intentional interference with advantageous business relations is alleged in Count VI.  Count VII is a claim for breach of the covenant of good faith and fair dealing.  Finally, Count VIII is a claim of promissory estoppel.

## IV. The Applicable Law

A Rule 12(b)(6) motion to dismiss challenges a party's complaint for failing to

state a claim. In deciding such a motion, a court must "'accept as true all well-pleaded

facts set forth in the complaint and draw all reasonable inferences therefrom in the

pleader's favor.'" *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011) (quoting

*Artuso v. Vertex Pharm., Inc.*, 637 F.3d 1, 5 (1st Cir. 2011)). When considering a

motion to dismiss, a court "may augment these facts and inferences with data points

gleaned from documents incorporated by reference into the complaint, matters of

public record, and facts susceptible to judicial notice." *Haley*, 657 F.3d at 46 (citing

*In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003)).

In order to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must

provide "enough facts to state a claim to relief that is plausible on its face." *See Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "obligation to provide the

grounds of [the plaintiff's] entitlement to relief requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Id.* at 555 (quotation marks and alteration omitted). The "[f]actual allegations

must be enough to raise a right to relief above the speculative level," and to cross the

"line from conceivable to plausible." *Id.* at 555, 570.

"A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555). Simply put, the court should assume that well-pleaded facts are genuine and then determine whether such facts state a plausible claim for relief. *Id*. at 679.

## V. Discussion

Count I of the complaint is a claim for unlawful discrimination under 42 U.S.C. § 1981. The First Circuit recently addressed this statutory provision:

> The text of 42 U.S.C. § 1981 provides: 'All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . .'
>
> . . . . .
>
> To state a claim under § 1981, a plaintiff must show that (1) she is a member of a racial minority; (2) the defendant discriminated against her on the basis of her race; and (3) the discrimination implicated one or more of the activities listed in the statute, including the right to make and enforce contracts.

*Hammond v. Kmart Corp*., 733 F.3d 360, 362 (1st Cir. 2013) (internal citations omitted), *cert. denied*, 134 S. Ct. 1889 (2014); *Garrett v. Tandy Corp.,* 295 F.3d 94, 98 (1st Cir. 2002).

According to the allegations of the complaint, the plaintiff "is handicapped with 2 cancers, degenerative disc disease, a sensitivity/allergy to dogs, Jewish female born in 1966 who was discriminated against as a member of those protected classes as well

as discrimination on the basis of being mentally ill and she has a caretaker alliance with her disabled mother." (#1-3 ¶ 26)  Similarly, the defendants are said to have discriminated against Jacobs "on the basis of her religion, handicap, sex, discrimination based on the perception of mental illness and on the basis of her affiliation with disabled Marilyn Jacobs." (#1-3 ¶ 104)  At no place in the complaint does Jacobs allege that she is a member of a racial minority or that she suffered discrimination consequent to her race.  Neither has the plaintiff alleged any facts that would support such contentions.  Having failed to allege two of the requisite elements to state a claim under 42 U.S.C. § 1981, or facts supporting those elements, Count I of the complaint should be dismissed.

In Count II of the complaint, the plaintiff alleges a violation of 42 U.S.C. § 12182, a claim under Title III of the Americans with Disabilities Act ("ADA").  Title III, entitled Public Accommodations and Services Operated by Private Entities, "proscribes disability-related discrimination in the provision of public accommodations such as hotels, restaurants, and theaters." *Iverson v. City of Boston*, 452 F.3d 94, 99 (1st Cir. 2006); *Parker v. Universidad de Puerto Rico*, 225 F.3d 1, 4 (1st Cir. 2000).  Section 12182 provides, in part:  "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of

public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). By definition, "[t]he term 'private entity' means any entity other than a public entity (as defined in section 12131(1) of this title." 42 U.S.C. § 12181(6); 28 C.F.R. § 36.104 ("Private entity means a person or entity other than a public entity"). A public entity means any state or local government including its departments and agencies. 42 U.S.C. § 12131(1). A public accommodation is a private entity whose operations affect commerce. 42 U.S.C. § 12181(7).

The Town of Weston is a public entity. *See*, e.g., *Iverson*, 452 F.3d at 99 (City of Boston did not dispute that is was a public entity). "Title III expressly does not apply to public entities, including local governments." *Bloom v. Bexar County, Tex.*, 130 F.3d 722, 726 (5th Cir. 1997); *DeBord v. Board of Educ. of Ferguson-Florissant School Dist.*, 126 F.3d 1102, 1106 (8th Cir. 1997) ("Title III of the ADA applies to private entities providing public accommodations, however, not to public entities."), *cert. denied*, 523 U.S. 1073 (1998); *Morales v. State of New York*, - F. Supp.2d -, 2014 WL 2158979, *5 (S.D.N.Y. May 22, 2014); *Bauerle v. United States Department of Health and Human Services*, 2013 WL 6670321, *4 (D. Ariz. Dec. 18, 2013); *Baaske v. City of Rolling Meadows*, 191 F. Supp.2d 1009, 1013 (N.D. Ill. 2002). Any Title III claim against the Town of Weston must fail.

Turning to the individual defendants and Louison, Costello, Condon & Pfaff LLP, the plaintiff has not alleged that any of them "own, lease or operate a place of public accommodation" nor has she alleged any facts that would support such an allegation. *See*, e.g., *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 94–95 (2d Cir. 2012) ("In order to state a claim for violation of Title III . . . a plaintiff must 'establish that (1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA.'") (citing *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2d Cir. 2008), *cert. denied*, 556 U.S. 1104 (2009)); *Guckenberger v. Boston University*, 957 F. Supp. 306, 322 (D. Mass.,1997) ("individuals can be held responsible for violations of these prohibitions against discrimination [in Title III] if they own, lease or lease to, or operate a place of public accommodation." (Internal quotation marks, alterations and citation omitted)). Given the dearth of factual allegations supporting an element of her claim for violation of Title III, Jacobs has failed to state a claim.

Alternatively, to the extent that Jacobs seeks monetary relief, either compensatory or punitive damages, for violation of Title III, her claim is without merit. *See*, e.g., *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 94 (2d Cir. 2012); *Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 50 (1st Cir. 2006) ("This court has recognized that section

12188(a)(1) does not contemplate an award of money damages in suits brought by private parties. . . . money damages are not an option for private parties suing under Title III of the ADA"); *Dudley v. Hannaford Bros. Co.*, 333 F.3d 299, 304 (1st Cir. 2003) ("Section 12188(a)(1) of the ADA incorporates the remedies set forth in 42 U.S.C. § 2000a–3(a). That compendium of remedies allows only injunctive relief (as opposed to money damages). *See Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402, 88 S. Ct. 964, 19 L.Ed.2d 1263 (1968) (per curiam)."). While the plaintiff seeks what could be viewed as injunctive relief against the Town of Weston in her complaint,[4] she seeks only monetary damages from the remaining defendants. Since money damages are not recoverable against the individual defendants and Louison, Costello, Condon & Pfaff LLP in this Title III claim, and no injunctive relief is sought against these defendants, Count II of Jacobs' complaint against them should be dismissed. *See Goodwin*, 436 F.3d at 50; *Morales*, 2014 WL 2158979, *5 ("monetary damages under Title III of the Americans with Disabilities Act are not allowable as a matter of law").

Because it is recommended that the federal claims alleged in the complaint,

---

[4] The plaintiff requests that the Court "[o]rder Town of Weston to institute and carry out policies, practices, and programs that eradicate unlawful disparate treatment and stereotyping of members of Jacobs' protected classes." (#1-3 at p. 20 ¶ 1) Additionally Jacobs seeks to have the Court order the Town of Weston hold a hearing under Mass. Gen. L. c. 51 § 49 and to issue certain documents she had requested. (#1-3 at p. 20 § 2)

Counts I and II, be dismissed, the Court should decline to exercise supplemental jurisdiction over the state law claims alleged in Counts III-VIII pursuant to 28 U.S.C. § 1367(c)(3) and dismiss those claims without prejudice.

## V. Recommendation

Since the motion to dismiss was filed, the plaintiff has sought to amend her complaint on eleven occasions. Jacobs' most recent proposed amended complaint filed on October 27, 2014 (#113, Exh. 1) is one hundred sixty-two pages (162) pages in length alleging twenty-one (21) claims against named fifty-seven (57) defendants.

### A. Fed. R. Civ. P. 8

The proposed amended complaint (#113, Exh 1) fails meet the requirements of Rule 8(a) of the Federal Rules of Civil Procedure. This rule mandates that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir. 2004)); *Tiezzi v. Molloy,* 2014 WL 5597286, *3 (D. Mass., Nov. 4, 2014). This means that the statement of the claim must "'at least set forth minimal facts as to who did what to whom, when, where, and why.'" *Calvi*, 470 F.3d at 430 (quoting *Educadores,* 367 F.3d at 68).

Although the requirements of Rule 8(a)(2) are minimal, "'minimal requirements are not tantamount to nonexistent requirements.'" *Id.* (quoting *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir. 1988)).

The plaintiff's obligation to provide the grounds of her claims "requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "only a complaint that states a **plausible** claim for relief" states a claim upon which relief may be granted. *Iqbal*, 556 U.S. at 679 (emphasis added). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint does not show that "'the pleader is entitled to relief.'" *Id.* (quoting Fed. R Civ. P. 8(a)(2) in second quotation).

The proposed amended complaint falls far short of compliance with Rule 8(a) in several regards. The pleading is one hundred sixty-two pages long and names fifty-seven defendants twenty-one counts. Most of the allegations are purely conclusory and do not provide enough factual specificity to permit a reasonable inference that the defendants violated the law. For example, Jacobs alleges:

> David Soars, Deborah Davenport, Town of Weston, Donna
> Vanderclock, Ed Coburn, Doug Gillespie, Mike Harrington,
> Eric Josephson, Gary Koger, Paul Zorfass, Phyllis Kominz,
> Allan Orth, Tamilyn Levin, William O'Neil, Steve Shaw,
> John Lyons, Dan McGuire, William Carlo, Mike Forti,
> Efthimios Bousios, Kopelman and Paige P.C., Louison,

Costello, Condon & Pfaff, LLP, Porzio, Boehner, Flynn and Harvey interfered with plaintiff's 14th amendments and not affording the plaintiff equal protection under the law of the right to marry what is being called a 'so-called undercover FBI agent' because in order to marry then Jacobs had to have a background check that found her background to be suitable to marry and given David Soars, Deborah Davenport, Town of Weston, Donna Vanderclock, Ed Coburn, Doug Gillespie, Mike Harrington, Eric Josephson, Gary Koger, Paul Zorfass, Phyllis Kominz, Allan Orth, Tamilyn Levin, William O'Neil, Steve Shaw, John Lyons, Dan McGuire, William Carlo, Mike Forti, Efthimios Bousios, Kopelman and Paige P.C., Louison, Costello, Condon & Pfaff, LLP, Marion Ryan, Bourgeois, Krumholz, Dawley, Gemmill, Flynn and Harvey adverse actions against the plaintiff including defaming her on Dec. 17, 2013 that her house is in hoarder like condition, that she is delusional and psychotic, that she is a dangerous person, and that she committed 4 crimes, then the defendants changed her background so as to be no longer suitable or acceptable to marry after Dec. 17, 2013 a so called undercover FBI agent while Koger, Zorfass, Carlo, O'Gorman, Schertzer were interested in plaintiff sexually and she rebuffed them.

#113, Exh. 1 ¶ 162.

Many of the allegations are incomprehensible. For instance, Jacobs alleges the removal and trimming of the shrubs on her family cemetery plots by O'Neil was retaliation for her having filed discrimination and retaliation complaints. (#113, Exh. 1 ¶¶ 83-85) She then alleges as follows:

No landscaper really wanted to trim the shrubs as the shrubs were great, and as there was familiarity with David Soars, Deborah Davenport, Town of Weston, Donna Vanderclock, Ed Coburn, Doug Gillespie, Mike Harrington, Eric

15

Josephson, Gary Koger, Paul Zorfass, Phyllis Kominz, Allan Orth, Tamilyn Levin, William O'Neil, Steve Shaw, John Lyons, Dan McGuire, William Carlo, Mike Forti, Efthimios Bousios, Ryan Porzio, Jeff Boehner, Kopelman and Paige P.C., Louison, Costello, Condon & Pfaff, LLP, Regina Ryan, Jacqueline Cowin, Marian Ryan, Jeffrey Bourgeois, Regina Krumholz, John Dawley Jr., Caitlyn Gemmill, Greg Flynn, and Tobin Harvey harassing members of protected classes intentionally and maliciously with the expectation that David Soars, Deborah Davenport, Town of Weston, Donna Vanderclock, Ed Coburn, Doug Gillespie, Mike Harrington, Eric Josephson, Gary Koger, Paul Zorfass, Phyllis Kominz, Allan Orth, Tamilyn Levin, William O'Neil, Steve Shaw, John Lyons, Dan McGuire, William Carlo, Mike Forti, Efthimios Bousios, Ryan Porzio, Jeff Boehner, Kopelman and Paige P.C., Louison, Costello, Condon & Pfaff, LLP, Regina Ryan, Jacqueline Cowin, Marian Ryan, Jeffrey Bourgeois, Regina Krumholz, John Dawley Jr., Caitlyn Gemmill, Greg Flynn, and Tobin Harvey can never be placated no matter how great the prize winning shrubs looked as the real issue was the system of the defendants David Soars, Deborah Davenport, Town of Weston, Donna Vanderclock, Ed Coburn, Doug Gillespie, Mike Harrington, Eric Josephson, Gary Koger, Paul Zorfass, Phyllis Kominz, Allan Orth, Tamilyn Levin, William O'Neil, Steve Shaw, John Lyons, Dan McGuire, William Carlo, Mike Forti, Efthimios Bousios, Ryan Porzio, Jeff Boehner, Kopelman and Paige P.C., Louison, Costello, Condon & Pfaff, LLP, Regina Ryan, Jacqueline Cowin, Marian Ryan, Jeffrey Bourgeois, Regina Krumholz, John Dawley Jr., Caitlyn Gemmill, Greg Flynn, and Tobin Harvey ganging up to prey upon plaintiff psychologically who is physically disabled, intentionally discriminating and retaliating against the plaintiff and her mother so as to cause her severe emotional distress.

#113, Exh. 1 ¶ 86.[5]

 Others are disparaging, such as alleging that certain defendants, including state court

judges, engaged in criminal acts.  For example, Jacobs alleges that:

> Greg Flynn, Tobin Harvey [both Massachusetts district court judges], the Middlesex District Attorney and Tamilyn Levin have a history of engaging in a joint enterprise of a malicious criminal proceeding against John Giacalone so as to take adverse actions against John Giacalone and to aid Levin in her civil litigation of her custody dispute and divorce against John Giacalone where she received more child support than she should have given her lies.

#113, Exh. 1 ¶ 108.

Further, referring to all of the defendants collectively, when it cannot be

reasonably inferred that all of the defendants were involved, does not meet the

requirements of Rule 8(a). *See Bagheri v. Galligan*, 160 Fed. Appx. 4, 5 (1st Cir. 2005)

(upholding district court's dismissal of action where the original complaint did not

"state clearly which defendant or defendants committed each of the alleged wrongful

acts" and the plaintiff had failed to cure the pleading deficiencies); *Atuahene v. City of

Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001) ("By lumping all the defendants together

in each claim and providing no factual basis to distinguish their conduct, [plaintiff]'s

---

[5]

This paragraph also serves to exemplify the Rule 18 and Rule 20 problems.  There are no facts alleged to show how all of these defendants are factually or legally related to any retaliation claim arising out of the trimming of the shrubs on her family's cemetery plot.

complaint failed to satisfy [the] minimum standard" of pleading under Fed. R. Civ. P.

8(a).). Jacobs repeatedly cuts and pastes the names of all the defendants into paragraphs

and then alleges, in a broad brush, conclusory manner, that they all violated her rights.

One example will suffice:

> David Soars, Deborah Davenport, Town of Weston, Donna
> Vanderclock, Ed Coburn, Doug Gillespie, Mike Harrington,
> Eric Josephson, Gary Koger, Paul Zorfass, Phyllis Kominz,
> Allan Orth, Tamilyn Levin, William O'Neil, Steve Shaw,
> John Lyons, Dan McGuire, William Carlo, Mike Forti,
> Efthimios Bousios, Ryan Porzio, Jeff Boehner, Kopelman
> and Paige P.C., Louison, Costello, Condon & Pfaff, LLP,
> Regina Ryan, Jacqueline Cowin, Marian Ryan, Jeffrey
> Bourgeois, Regina Krumholz, John Dawley Jr., Caitlyn
> Gemmill, Greg Flynn, and Tobin Harvey acted intentionally
> and recklessly so as to intimidate, coerce, threaten plaintiff
> (sic) plaintiff not to pursue her civil rights and to aid and abet
> the town of Weston in its discrimination and retaliation
> against the plaintiff repeatedly on various dates from
> 3/19/2013 through present.

#113, Exh. 1 ¶ 163.

Joining all of the defendants en masse into the majority of the allegations without

a factual basis to show how each individual was involved does not afford each

defendant fair notice of the factual allegations and causes of action against him, her, or

it.

### B. Improper Joinder

The proposed amended complaint (#113, Exh. 1) also run afoul of rules

concerning the joinder of parties and claims. The proposed amended complaint contains the kitchen sink of claims that appear to have little to do with each other, at least as they are currently pled. Rule 18(a) of the Federal Rules of Civil Procedure provides: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). However, "[d]espite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." 7 Charles Alan Wright et al., *Federal Practice & Procedure* § 1655 (3d ed. 2001). As the Seventh Circuit has explained, Rule 18(a) permits multiple claims against a single party, but it does not permit the joinder of unrelated claims against different defendants. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In *George*, a prisoner had filed a "sprawling" complaint containing fifty claims against twenty-four defendants, in which he alleged a variety unrelated misconduct by the defendants, including failure to provide adequate medical care, censoring his mail, and mishandling his parole. The district court dismissed some claims upon a preliminary screening and the rest of the claims on summary judgment. In upholding the dismissal of the claims and the grant of summary judgment, the Seventh Circuit cited Rule 18(a) and observed that the district court should have questioned the plaintiff's decision to

join twenty-four defendants and fifty claims:

> Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g). George was trying not only to save money but also to dodge that rule.

*Id.*

The Seventh Circuit also explained that Rule 20(a) of the Federal Rules of Civil Procedure precluded the plaintiff's "mishmash" complaint. *See id.* Permissive joinder is governed by Fed. R. Civ. P. 20(a)(2) ("Rule 20(a)(2)"). A plaintiff may join multiple defendants under Rule 20(a)(2) if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

The Seventh Circuit observed that the plaintiff "did not make any effort to show that the 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is 'common to all defendants.'" *George*, 507 F.3d

at 607; *see also Salameh v. Duval*, 2014 WL 691610, at *3 n. 9 (D. Mass. Feb. 21, 2014) (citing *Spencer v. Bender*, 2010 WL 1740957, at *2 (D. Mass. Apr. 28, 2010)).

Not unlike the complaint reviewed by the Seventh Circuit in *George*, the proposed amended complaint contains many claims that are factually unrelated. Allegations of a universal intent by the defendants to discriminate or retaliate against the plaintiff does not suffice. The misjoinder is compounded by the fact the pleading often does not identify which of the defendants engaged in the alleged misconduct. The improper joinder results in a "bloated" and unwieldy lawsuit.

Because the proposed amended complaint (#113, Exh. 1) does not comply with Rules 8, 18 and 20 of the Federal Rules of Civil Procedure, I have this date denied the plaintiff's most recent motion to amend (#113).

In these circumstances, I RECOMMEND that action on Defendants David Soars, Deborah Davenport, Town of Weston, Donna Vanderclock, Ed Coburn, Doug Gillespie, Mike Harrington, Eric Josephson, Gary Koger, Paul Zorfass, Phyllis Kominz, Allan Orth, Tamilyn Levin, William O'Neil, Steve Shaw, John Lyons, Dan McGuire, William Carlo, Mike Forti, Efthimios Bousios and Louison, Costello, Condon & Pfaff, LLP's Motion To Dismiss Pursuant to M.R.C.P. (Sic) Rule 12(b)(6) (#44) be PRETERMITTED at this time and that the plaintiff be GRANTED forty-five (45) days within which to file an amended complaint that complies with Rules 8(a)(2), Rule 18(a)

and Rule 20(a)(2), Fed. R. Civ. P.

If the plaintiff fails to file an amended complaint that complies with the Federal Rules of Civil Procedure within forty-five (45) days, I RECOMMEND that Defendants David Soars, Deborah Davenport, Town of Weston, Donna VanderClock, Ed Coburn, Doug Gillespie, Mike Harrington, Eric Josephson, Gary Koger, Paul Zorfass, Phyllis Kominz, Allan Orth, Tamilyn Levin, William O'Neil, Steve Shaw, John Lyons, Dan McGuire, William Carlo, Mike Forti, Efthimios Bousios and Louison, Costello, Condon & Pfaff, LLP's Motion To Dismiss Pursuant to M.R.C.P. (Sic) Rule 12(b)(6) (#44) be ALLOWED to the extent that the federal claims alleged in Counts I and II be DISMISSED WITH PREJUDICE and that the state law claims alleged in Counts III-VIII be DISMISSED WITHOUT PREJUDICE.

## VI.  Review by the District Judge

The parties are hereby advised that any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review.  *See Keating*

*v. Secretary of Health and Human Services*, 848 F.2d 271 (1st Cir. 1988); *United States*

*v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d

13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir., 1982);

*Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st  Cir. 1980); *see also*

*Thomas v. Arn*, 474 U.S. 140 (1985).

<u>/s/ M. Page Kelley</u>
M. Page Kelley
United States Magistrate Judge

December 2 , 2014.